ROSE (BIAS v.). See Case No. 1,382.
ROSE (FOLLETT v.). See Case No. 4,900.

## Case No. 12,045.

### ROSE v. HIMELY et al.

[Bee, 313.] [1]

Circuit Court, D. South Carolina. Jan. 11, 1805.

PRACTICE IN ADMIRALTY — APPEAL — NEW EVIDENCE.

New evidence admissible on appeal, and time given to produce it, on proof that appellant was chargeable with no laches in not producing it in the court below.

[Cited in The Venezuela, 3 C. C. A. 319, 52 Fed. 874.]

[Appeal from the district court of the United States for the district of South Carolina.]

In admiralty.

BEE, District Judge. Certain parcels of coffee were libelled against as having been illegally captured on the high seas, and sold without any condemnation. They were claimed by Himely and others, who stated that the Sarah had been engaged in an illicit trade with the brigands; that, on her return, she was captured by a French privateer and carried into Barracoa, where she was duly libelled and condemned: and, though she had not been duly condemned, yet that the cargo could not be reclaimed, as it was sold by consent of the supercargo of the libellants. On the sixth day of September last this cause came on to be heard before the district court, and the articles libelled were condemned for want of evidence to support the allegations of the claimant. [Cases Nos. 12,047 and 12,048.] From this decision an appeal is made to the circuit court, and two questions have been argued, upon which I am now to decide. 1st. Whether the party appellant is entitled to adduce new evidence. 2d. Whether, upon cause shewn, the court would assign him a term probatory, for that purpose.

Upon the first question, the argument of counsel turned chiefly upon the construction of the act of congress of March 3, 1803 [2 Stat. 244], which gives the right of appeal from the district to the circuit court, and from the latter to the supreme court of the United States. It was admitted that the clause respecting the adduction of new evidence re-

[1] [Reported by Hon. Thomas Bee, District Judge.]

lates solely to the supreme court; but, if the supreme court was bound to receive new evidence in such cases, it was contended that there would be an absurdity in denying the right to do so to the circuit court, to which an appeal lies in the first instance.

It does not appear to me that the question in this case depends at all upon the construction of this act. The clause which relates to the adduction of new evidence in the supreme court, was intended only to restrict that court from receiving new evidence in any other causes than those of admiralty or maritime jurisdiction; with regard to which that court is left at liberty to regulate its proceedings by the principles of the civil law, by which they are governed in such cases. Whether, therefore, the appellant in an admiralty cause is entitled to produce new evidence, is a general question; and, however inconsistent it may appear to those who consider the subject according to the principles of common law, it is certainly laid down in writers upon the civil law (Clarke, Praxis; Conset, Courts; Browne, Civ. Law) that the appellant has the privilege "non allegata allegare, et non probata probare;" or, in other words, to go into a plenary investigation of his case under a very few restrictions, introduced only for the purpose of protecting the appellee, as it should seem, from the danger of perjury or surprise. An appeal, therefore, in the admiralty is rather in nature of a new trial, in which the court does not enter into the mere consideration of the propriety of the decision of the judge below, upon the evidence before him, but affords an opportunity to the appellant to present his case with the best possible aspect that new allegations, or new evidence can afford it.

My decision on the second point must depend upon the nature of the evidence proposed to be adduced, and the sufficiency of the grounds set forth in the affidavit to shew that the inability of the claimant to produce such evidence at the time was not attributable to his own laches. The evidence proposed to be adduced was a duly certified copy of the condemnation, and the examination of witnesses to prove that the libellant had consented to the sale at which the claimant purchased: and the cause shewn on affidavit why he is not chargeable with laches is the embarrassed state of French affairs in the island of St. Domingo, and the loss of a vessel by which he had ordered the sentence of condemnation to be forwarded, and the captain of which was a witness to prove the assent of the libellant to the sale. With regard to the materiality of the evidence, there can be no doubt: a condemnation sanctioned by the law of nations would have set every question to rest; and the assent of the supercargo to the sale at which the claimant purchased would certainly have changed the property of the articles sold, so that the libel could not have been sustained, however the libellant might have retained a claim against the cap-

tors for the proceeds of such sale. The causes set forth by the claimant to exempt himself from the imputation of neglect are also, in their nature free from all suspicion. They cannot be mere fabrications; they are facts of general notoriety, and such as may well have produced the disappointment attributed to them.

I therefore order that the appellant have time assigned him until the sitting of this court in May next to adduce evidence to prove the assent of the libellants to the sale of the articles libelled, or the legal condemnation thereof, according to his prayer.

[See note to Case No. 12,046.]